# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISOIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHEYENNE PAUL BOCK,<br><br>    Defendant. | No. 10mj59<br><br>**ORDER REGARDING DETENTION** |

This matter came on for detention hearing on March 10, 2010, pursuant to 18 U.S.C. § 3142(f)(1)(E). Assistant U.S. Attorney Janet Petersen appeared on behalf of the plaintiff (the "Government"). The defendant Sheyenne Paul Bock appeared in person with his attorney, Assistant Federal Defender Mike Smart. The Government offered the testimony of Deputy U.S. Marshal Tim Fredrikson.

The court must determine whether any condition or combination of conditions will reasonably assure Bock's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). There is no rebuttable presumption that the defendant should be detained in connection with the charge against him. *See* 18 U.S.C. § 3142(e)(2)(E).

In the present case, the evidence indicates Bock was convicted of a sex crime in 1995, that requires him to remain registered on the sex offender registry of the state within which he resides. Bock was convicted in 2006 in Dakota County, Nebraska, for failing to register in Nebraska, and apparently has maintained his Nebraska registration since that time. However, on this record, Bock moved to Iowa sometime in 2009, and has failed to

register in Iowa. He does not have any other criminal history involving sex offenses or violence.

The evidence further indicates Bock was employed full time at a foundry until he injured his knee, and he is scheduled for knee surgery on March 17, 2010. Since injuring his knee, he has worked at a convenience store in Iowa.

The court finds there are conditions of release that will reasonably assure Bock's appearance as required, and the safety of other persons and the community. Such conditions include the imposition of GPS monitoring and a curfew, as required by the Adam Walsh Child Protection and Safety Act of 2006. *See United States v. Stephens*, ___ F.3d ___, 2010 WL 547232 (8th Cir. Feb. 17, 2010).

Accordingly, Bock will be released on his own recognizance pursuant to the terms and conditions of an Order Setting Conditions of Release.

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT